**GREAT NORTHERN RY. CO. v. NAGLE, Atty. Gen., et al.**

**No. 3010.**

District Court, D. Montana.

Aug. 28, 1939.

Weir, Clift, Glover & Bennett, of Helena, Mont., for plaintiff.

A. H. Angstman, of Helena, Mont., C. E. Baker and J. E. McKenna, both of Lewistown, Mont., H. O. Vralsted, of Stanford, Mont., and Harrison J. Freebourn and John W. Bonner, both of Helena, Mont., for defendants.

Before HANEY, Circuit Judge, and PRAY and WEBSTER, District Judges.

PRAY, District Judge.

Since the former opinion of the Court was filed on October 1, 1936, D.C., 16 F. Supp. 532, in the above cause, a master pro hac vice was appointed to hear and examine witnesses and record or cause to be recorded the testimony and evidence, and make report to the Court. The report has been filed and briefs submitted by counsel for the respective parties. After the former hearing it seemed necessary to present further evidence in respect to train service at Lewistown and Sweet Grass, and in that connection the Court said: "In the present state of doubt on this phase of the case the Court does not feel justified in granting the application for injunction, requiring a discontinuance of the Sweet Grass and Lewistown trains." But the court at the same time held that conditions were different in regard to passenger service between Great Falls and Butte and that from the showing made by plaintiff it did not appear that public necessity or convenience required the continuance of the service furnished by the two trains in question, Nos. 237 and 238, between these two cities, and that under the proof it was deemed unreasonable to order otherwise.

From a consideration of the report, transcript and exhibits filed by the master the Court is still of the opinion that these two trains, 237 and 238, should be discontinued, and that a final order should be entered to that effect; and furthermore, from a consideration of the evidence from the same source, it seems to the Court that the continued operation of the passenger trains in question between Great Falls

and Lewistown and between Shelby and Sweet Grass is not only a convenience to the public but also a necessity. Several places, as shown by the evidence, are served by the trains and not by the busses and trucks. Even where the towns are served, or partly served, by the last two means of transportation, the service does not appear to be adequate or altogether dependable. Winter weather conditions have to be taken into account when sole reliance is placed upon highway transportation by the residents of the several communities. The suggestion of counsel that if the trains were discontinued residents of towns and communities off the truck and bus lines might furnish their own means of transportation to offset the loss of train service does not appeal to the Court as a very strong defensive answer under present conditions.

 Great loss is claimed by plaintiff in maintaining a service the public does not use, resulting in an unreasonable burden on interstate commerce. Some of the witnesses for defendants assert that this loss is considerably exaggerated. However, it is apparent to the Court that there is a substantial loss in maintaining this service. No doubt the State can require the carriers to furnish reasonable and adequate facilities to serve not only the local necessities but the local convenience, and may require additional service in a proper case, but on the other hand the property of the railway is entitled to full protection and cannot be taken without just compensation or without due process of law. Taking into account the population of the towns and adjacent communities, and the pursuits of the residents thereof, and the amount of travel and volume of business generally, is the Court prepared to say that there would be adequate service if these trains were removed. Is not the service now in use not only convenient but necessary, and from a fair consideration of the testimony does it not appear quite conclusively that the public, or that part of the public interested in the territory involved, is urgently demanding the continuance of these trains.

No such argument has been presented for the continuance of trains 237 and 238; the court is unanimously of the opinion that the action of the Board was unreasonable in that respect. But a different conclusion seems inevitable in regard to the other trains, and it does not appear necessary to discuss at greater length the questions presented at this time since they are substantially the same as those considered in a former opinion.

Consequently, the Court being now duly advised and good cause appearing therefor, the application for injunctive relief as prayed for in plaintiff's complaint in respect to the trains Nos. 239 and 240, and 41 and 42 (now 42 and 43) will be denied. Counsel may submit brief findings of ultimate facts in accordance with the views herein expressed. Each side to pay its own costs.

All concur.